CCC:EEA/LTG
F. #2020R00092

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

MORRIS BARNARD,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JAN 14 2021  ★

LONG ISLAND OFFICE

INDICTMENT

Cr. No. ＣＲ　２１　０１８

(T. 18, U.S.C., §§ 982(a)(7), 1028A(a)(1),
1028A(b), 1035, 1347, 2 and 3551 et
seq.; T. 21, U.S.C., § 853(p))

BROWN, J.

SHIELDS, M.J.

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    Background

   A.    The Medicare Program

      1.    The Medicare program ("Medicare") was a federal health care program

providing benefits to persons aged 65 or older or disabled. Medicare was administered by the

Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States

Department of Health and Human Services. Individuals who received benefits under Medicare

were referred to as Medicare "beneficiaries." Physicians who provided services to beneficiaries

or ordered that services be provided to beneficiaries were referred to as "rendering physicians."

      2.    Medicare was a "health care benefit program," as defined by Title 18,

United States Code, Section 24(b).

      3.    Medicare included coverage under two primary components, hospital

insurance ("Medicare Part A") and medical insurance ("Medicare Part B"). Medicare Part B

1

covered, among other things, the costs of certain surgical procedures. Generally, Medicare Part B covered these costs only if, among other requirements, they were medically necessary and performed by a physician.

4.     Medical providers, including physicians, submitted a Medicare Enrollment Application to Medicare to participate in Medicare and bill for claims. Medical providers certified to participate in Medicare, whether clinics or individuals, were assigned a provider identification number ("PIN") or provider transaction access number ("PTAN") for billing purposes. After a medical provider rendered a service, the provider was required to use its assigned PIN/PTAN when submitting a claim for reimbursement to Medicare.

5.     To receive payment from Medicare for a covered service, a medical provider was required to submit a claim, either electronically or in writing. The claim was required to include information identifying the medical provider, the patient and the services rendered. Medical providers were authorized to submit claims to Medicare only for services they actually rendered and were required to maintain patient records verifying the provision of services. By submitting a claim, the provider certified, among other things, that the services were rendered to the patient and were medically necessary.

6.     Providers submitted claims to Medicare using billing codes, also called Current Procedural Terminology or "CPT" codes, which were numeric codes referring to specific descriptions of the medical services provided to beneficiaries.

7.     An HIC number ("HICN") is a Medicare beneficiary's identification number. The format of an HICN issued by CMS is a Social Security number followed by an alpha or alphanumeric Beneficiary Identification Code ("BIC").

8.    A BIC of "C" identified a beneficiary who was a child, and who may have also been disabled.

9.    A BIC of "A" identified a beneficiary who was a retired or disabled worker.

B.    Relevant Services Covered by Medicare

10.    Medicare covered the costs related to gastroenterological procedures. Medicare also covered the costs of colonoscopy procedures. Medicare covered beneficiaries' outpatient visits of varying lengths of time, each increment of time bearing its own CPT code, depending on the length of the visit.

11.    The reimbursement amounts that Medicare paid medical providers for performing these procedures included payment for medical services related to those procedures.

C.    The Defendant

12.    The defendant MORRIS BARNARD was a physician practicing in Great Neck, New York. BARNARD was certified to participate in Medicare under his individual PIN/PTAN. From October 1, 2015 through February 26, 2020, BARNARD used his PIN/PTAN to submit and cause the submission of claims to Medicare for gastroenterological and colonoscopy procedures associated with the CPT Codes listed below in paragraph thirteen.

II.    The Fraudulent Scheme

13.    From approximately October 1, 2015 through February 26, 2020, the defendant MORRIS BARNARD submitted and caused the submission of false and fraudulent claims to Medicare for gastroenterological and colonoscopy procedures, other medical procedures and office visits, for services that were not rendered. Most of these claims were submitted to Medicare with either a BIC of "C" or "A," signifying that the procedures were

3

being performed on disabled beneficiaries. Most of the "C" and "A" beneficiaries for which claims were submitted lived in residential group homes. Medicare covered the costs of the gastroenterological procedures and office visits associated with the CPT codes listed in the chart below (among others) in the number of bills indicated, which were submitted or caused to be submitted by the defendant MORRIS BARNARD, resulting in the payment of the approximate amounts listed:

| CPT Code | CPT Code Description | Paid Amount | How many times billed |
|---|---|---|---|
| 91110 | Imaging of digestive tract done from the inside of the digestive tract | $263,788.29 | 364 |
| 45382 | Control of bleeding in large bowel using an endoscope | $195,871.70 | 349 |
| 99213 | Established patient office or other outpatient visit, typically fifteen minutes | $137,242.96 | 2,851 |
| 91035 | Monitoring and recording of gastroesophageal reflux with pH electrode insertion including analysis and interpretation | $135,688.12 | 346 |
| 45388 | Destruction of large bowel growths using an endoscope | $134,011.28 | 51 |
| 43239 | Biopsy of the esophagus, stomach, and/or upper small bowel using an endoscope | $112,945.68 | 382 |

14.     In connection with the submission of false and fraudulent claims to Medicare described in paragraph thirteen the defendant MORRIS BARNARD also prepared false documents, including, but not limited to, claims for procedures and services that he had purportedly performed for beneficiaries that, in fact, had not been performed. In submitting these fraudulent claims to Medicare, BARNARD provided Medicare with patients' means of identification, including, but not limited to, the patient's name, date of birth and HICN, all of which was required by Medicare to appear on documentation seeking Medicare reimbursement. Medicare reimbursed approximately $1.4 million of these false and fictitious claims, none of which BARNARD was lawfully entitled to receive.

## COUNT ONE
### (Health Care Fraud)

15.     The allegations contained in paragraphs one through fourteen are realleged and incorporated as if fully set forth in this paragraph.

16.     In or about and between October 1, 2015 and February 26, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MORRIS BARNARD, together with others, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud Medicare, a health care benefit program, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare, in connection with the delivery of and payment for health care benefits, items and services.

(Title 18, United States Code, Sections 1347, 2 and 3551 et seq.)

## COUNTS TWO THROUGH SEVEN
### (False Statements Relating to Health Care Matters)

17.     The allegations contained in paragraphs one through fourteen are realleged and incorporated as though fully set forth in this paragraph.

18.     On or about the dates identified below, within the Eastern District of New York and elsewhere, the defendant MORRIS BARNARD, together with others, in matters involving one or more health care benefit programs, including Medicare, did knowingly and willfully (a) falsify, conceal and cover up by trick, scheme and device material facts, and (b) make materially false, fictitious and fraudulent statements and representations, and make and use materially false writings and documents, knowing the same to contain materially false, fictitious and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items and services, in that the defendant prepared claim forms that set forth

procedures purportedly performed by him on certain patients for the purpose of indicating which procedures should be billed to Medicare and which falsely indicated that the defendant provided services that were not actually rendered, as set forth below:

| Count | Beneficiary | Service Date and Services Identified |
|-------|-------------|--------------------------------------|
| TWO | J.W., an individual whose identity is known to the Grand Jury | 8/4/17: "Biopsy of small bowel using an endoscope; biopsy of large bowel using an endoscope; control of bleeding in large bowel using an endoscope; removal of polyps or growths in large bowel using an endoscope; stool analysis for blood; established patient office or other outpatient visit, typically fifteen minutes." |
| THREE | J.K., an individual whose identity is known to the Grand Jury | 8/15/17: "Imaging of digestive tract done from the inside of the digestive tract; established patient office or other outpatient visit, typically fifteen minutes." |
| FOUR | M.S., an individual whose identity is known to the Grand Jury | 5/9/18: "Biopsy of small bowel using an endoscope; destruction of large bowel growths using an endoscope; stool analysis for blood; established patient office or other outpatient visit, typically fifteen minutes." |
| FIVE | A.G., an individual whose identity is known to the Grand Jury | 8/5/18: "Biopsy of small bowel using an endoscope; destruction of large bowel growths using an endoscope; stool analysis for blood; established patient office or other outpatient visit, typically fifteen minutes." |
| SIX | E.G., an individual whose identity is known to the Grand Jury | 3/4/19: "Biopsy of small bowel using an endoscope; destruction of large bowel growths using an endoscope; stool analysis for blood; established patient office or other outpatient visit, typically fifteen minutes." |
| SEVEN | L.M., an individual whose identity is known to the Grand Jury | 3/12/19: "Biopsy of small bowel using an endoscope; biopsy of large bowel using an endoscope; control of bleeding in large bowel using an endoscope; removal of polyps or growths in large bowel using an endoscope; stool analysis for blood; established patient office or other outpatient visit, typically fifteen minutes." |

(Title 18, United States Code, Sections 1035, 2 and 3551 et seq.)

## COUNTS EIGHT THROUGH THIRTEEN
(Aggravated Identity Theft)

19.     The allegations contained in paragraphs one through fourteen are realleged and incorporated as though fully set forth in this paragraph.

20.     On or about the dates identified below, within the Eastern District of New York and elsewhere, the defendant MORRIS BARNARD, together with others, during and in relation to the crime charged in Count One, did knowingly and intentionally transfer, possess and use, without lawful authority, means of identification of another person, to wit: the individuals listed below, knowing that the means of identification belonged to another person:

| Count | Beneficiary | Date of Possession and Use | Means of Identification |
|---|---|---|---|
| EIGHT | J.W. | 5/10/18 | Name, date of birth and HICN |
| NINE | J.K. | 5/25/18 | Name, date of birth and HICN |
| TEN | M.S. | 5/3/19 | Name, date of birth and HICN |
| ELEVEN | A.G. | 5/22/19 | Name, date of birth and HICN |
| TWELVE | E.G. | 4/18/19 | Name, date of birth and HICN |
| THIRTEEN | L.M. | 4/17/19 | Name, date of birth and HICN |

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

21.     The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of such offenses to forfeit any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to such offenses.

22.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

7

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of such defendant up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(7); Title 21, United States Code,

Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

No.

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

## MORRIS BARNARD,

Defendant.

# INDICTMENT

(T. 18 USC 982(a)(7), 1028A(a)(1), 1028A(b), 1035, 1347,
2 and 3551 et seq.; T. 21, USC 853(p)

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____